1  **SANGER SWYSEN & DUNKLE**
   Attorneys at Law
2  Robert M. Sanger, SBN 058214
   Catherine J. Swysen, SBN 171929
3  Stephen K. Dunkle, SBN 227136
   125 E. De La Guerra St., Ste. 102
4  Santa Barbara, California 93101
   Telephone: (805) 962-4887
5  Facsimile: (805) 963-7311
   rmsteam@sangerswysen.com
6
   Attorneys for Plaintiffs,
7  Sonya Huerta and
   Yvonne Huerta
8

9              **UNITED STATES DISTRICT COURT**
10
           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11

12
   SONYA HUERTA and YVONNE )   Case No. _____
13 HUERTA,                   )
                             )   **COMPLAINT FOR DAMAGES**
14              Plaintiffs,  )
                             )   **Survival Claims:**
15      vs.                  )   **1.  Excessive and Deadly Force**
                             )   **(42 U.S.C. §1983)**
16 THE CITY OF SANTA BARBARA,)   **2.  Deliberate Indifference to Medical**
   JOHN BARRIGA, NATHAN      )   **Needs  (42 U.S.C. §1983)**
17 BELTRAN, SONJA CRAWFORD,  )   **3.  Failure to Provide Medical Care**
   ANDRE FELLER, DANIEL      )   **(California Government Code §845.6)**
18 GARCIA, JAMES LOMBARDO,   )   **4. Assault and  Battery**
   JOSHUA MORTON, GARETH     )   **5.  Negligence**
19 NEUMANN and TYLER         )
   THOMPSON; THE COUNTY OF   )   **Individual Claims**
20 SANTA BARBARA, COBB, P.   )   **6.  State Interference with Familial**
   DESLAURIER,  S. DWYER, D. )   **Relationship  (42 U.S.C. §1983)**
21 GARCIA, C. GOODWIN, RN    )   **7.  Wrongful Death**
   MALAN, A. NOAKES, A.      )
22 SALINAS,  F. VARGAS, Jr. and )
   JOSE VELASQUEZ    and DOES 1 )   **DEMAND FOR JURY TRIAL**
23 through 20 inclusive,     )
                             )
24              Defendants.  )
                             )
25 _____

26     Plaintiffs,  SONYA  HUERTA and YVONNE HUERTA ('PLAINTIFFS"),

27 allege as follows:

28
                              1

# I.

## JURISDICTION

1.  This is an action for monetary damages brought under 42 U.S.C. §1983 and §1988 and California tort law principles against the City of Santa Barbara and officers of its subordinate agency, the Santa Barbara Police Department (SBPD) and the County of Santa Barbara and custody deputies of its subordinate agency, the Santa Barbara County Sheriff's deputies ("SBCoSD").

2.  Federal jurisdiction is invoked upon the existence of a federal question pursuant to 28 U.S.C. §1331 and the District Court's original jurisdiction over matters alleging violation of civil rights pursuant to 28 U.S.C. §1343 (a) (3). Supplemental jurisdiction over the state law claims is invoked pursuant to 28 U.S.C. §1367.

3.  Venue in this district and division is proper under 28 U.S.C. § 1391 (b) and 29 U.S.C. § 1132 (e), because the events giving rise to the claims asserted herein occurred in the County of Santa Barbara, within the Central District of California.

4.  PLAINTIFFS timely filed government tort claims with the CITY OF SANTA BARBARA and COUNTY OF SANTA BARBARA which claims were rejected.

# II.

## PARTIES

5.  Decedent, JOEL HUERTA ('DECEDENT"), was at all times mentioned herein an individual residing in Santa Barbara, County of Santa Barbara, State of California.

6.  Plaintiff, SONYA HUERTA is and at all times mentioned herein was a resident of Santa Barbara, County of Santa Barbara, State of California. She is DECEDENT's surviving spouse. She is bringing this action in her individual capacity and as DECEDENT's successor-in-interest. She has executed the declaration under penalty of perjury required by California Code of Civil Procedure §377.32 which is filed herein as Exhibit B to the Complaint.

7.  Plaintiff, YVONNE HUERTA is, and at all times mentioned herein was a resident

2

to Santa Barbara, County of Santa Barbara, State of California. She is DECEDENT's surviving daughter. She is bringing this action in her individual capacity and as successor-in-interest to DECEDENT. She has executed the declaration under penalty of perjury required by California Code of Civil Procedure §377.32 which is filed herein as Exhibit C to the Complaint.

8. Defendant CITY OF SANTA BARBARA is a legal entity duly established under the laws of the State of California with all the powers specified and necessarily implied by the Constitution and the laws of the State of California. The Santa Barbara Police Department ("SBPD") is a subordinate agency of Defendant CITY OF SANTA BARBARA.

9. Defendant JOHN BARRIGA is an individual and, at all times mentioned herein, was a duly appointed police officer with SBPD.

10. Defendant NATHAN BELTRAN is an individual and, at all times mentioned herein, was a duly appointed police officer with SBPD.

11. Defendant SONJA CRAWFORD is an individual and, at all times mentioned herein, was a duly appointed police officer with SBPD.

12. Defendant ANDRE FELLER, is an individual and, at all times mentioned herein, was a duly appointed police officer with SBPD with the rank of Sergeant.

13. Defendant DANIEL GARCIA is an individual and, at all times mentioned herein, was a duly appointed police officer with SBPD.

14. Defendant JAMES LOMBARDO is an individual and, at all times mentioned herein, was a duly appointed police officer with SBPD.

15. Defendant JOSHUA MORTON is an individual and, at all times mentioned herein, was a duly appointed police officer with SBPD with the rank of Sergeant.

16. Defendant GARETH NEUMANN is an individual and, at all times mentioned herein, was a duly appointed police officer with SBPD.

17. Defendant TYLER THOMPSON is an individual and, at all times mentioned herein, was a duly appointed police officer with SBPD.

**COMPLAINT FOR DAMAGES**

18. Defendants JOHN BARRIGA, NATHAN BELTRAN, SONJA CRAWFORD, ANDRE FELLER, DANIEL GARCIA, JAMES LOMBARDO, JOSHUA MORTON, GARETH NEUMANN and TYLER THOMPSON (collectively " Defendants SBPD OFFICERS") acted under color of law and by virtue of the statutes, customs, ordinances and usages of the State of California, CITY OF SANTA BARBARA and SBPD.

19. Defendants JOHN BARRIGA, NATHAN BELTRAN, SONJA CRAWFORD, ANDRE FELLER, DANIEL GARCIA, JAMES LOMBARDO, JOSHUA MORTON, GARETH NEUMANN and TYLER THOMPSON at all times mentioned herein were the servants, agents, appointees and employees of Defendant CITY OF SANTA BARBARA acting in furtherance and within the scope of said relationships and Defendant CITY OF SANTA BARBARA is answerable at law for the acts of the officers of the SBPD under the federal and state law and statutes.

20. The acts of Defendants JOHN BARRIGA, NATHAN BELTRAN, SONJA CRAWFORD, ANDRE FELLER, DANIEL GARCIA, JAMES LOMBARDO, JOSHUA MORTON, GARETH NEUMANN and TYLER THOMPSON alleged herein were committed either on the instruction of the CITY OF SANTA BARBARA via the SBPD or with the knowledge and consent of the CITY of SANTA BARBARA and/or the SBPD or were thereafter approved and ratified by CITY of SANTA BARBARA and/or the SBPD.

21. Defendant COUNTY OF SANTA BARBARA is a legal entity duly established under the laws of the State of California with all the powers specified and necessarily implied by the Constitution and the laws of the State of California. The Santa Barbara County Sheriff's Department ("SBCoSD") is a subordinate agency of the Defendant COUNTY OF SANTA BARBARA.

22. Defendant COBB is an individual and, at all times mentioned herein was a duly appointed Sergeant with SBCoSD.

4

**COMPLAINT FOR DAMAGES**

23. Defendant  P. DESLAURIER is an individual and, at all times mentioned herein was a duly appointed Sergeant with SBCoSD.

24. Defendant S. DWYER is an individual and, at all times mentioned herein, was a duly appointed custody deputy with SBCoSD.

25. Defendant D. GARCIA is an individual and, at all times mentioned herein, was a duly appointed custody deputy with SBCoSD.

26. Defendant C. GOODWIN is an individual and, at all times mentioned herein, was a duly appointed custody deputy with SBCoSD.

27. Defendant RN MALAN is an individual and, at all times mentioned herein, was a Custody Nurse with SBCoSD.

28. Defendant A. NOAKES is an individual and, at all times mentioned herein, was a duly appointed custody deputy with SBCoSD.

29. Defendant A. SALINAS is an individual and, at all times mentioned herein, was a duly appointed custody deputy with SBCoSD.

30. Defendant F. VARGAS, Jr. is an individual and, at all times mentioned herein, was a duly appointed custody deputy with SBCoSD.

31. Defendant JOSE VELASQUEZ is an individual and, at all times mentioned herein, was a duly appointed custody deputy with SBCoSD.

32. Defendants COBB, P. DESLAURIER, S. DWYER, D. GARCIA, C. GOODWIN, RN MALAN, A. NOAKES, A. SALINAS,  F. VARGAS, Jr. and JOSE VELASQUEZ (collectively "Defendants SBCoSD DEPUTIES") acted under color of law and by virtue of the statutes, customs, ordinances and usages of the State of California, COUNTY OF SANTA BARBARA and SBCoSD.

33. Defendants COBB, P. DESLAURIER, S. DWYER, D. GARCIA, C. GOODWIN, RN MALAN, A. NOAKES, A. SALINAS,  F. VARGAS, Jr. and JOSE VELASQUEZ at all times mentioned herein were the servants, agents, appointees and employees of Defendant COUNTY OF SANTA BARBARA acting in furtherance and within the scope of said relationships and Defendant COUNTY

5

**COMPLAINT FOR DAMAGES**

OF SANTA BARBARA is answerable at law for the acts of the officers of the SBCoSD under the federal and state law and statutes.

34. The acts of Defendants COBB, P. DESLAURIER, S. DWYER, D. GARCIA, C. GOODWIN, RN MALAN, A. NOAKES, A. SALINAS, F. VARGAS, Jr. and JOSE VELASQUEZ alleged herein were committed either on the instruction of the COUNTY OF SANTA BARBARA via the SBCoSD or with the knowledge and consent of the COUNTY OF SANTA BARBARA and SBCoSD or were thereafter approved and ratified by the COUNTY OF SANTA BARBARA and SBCoSD.

35. PLAINTIFFS are ignorant of the true names and capacities of the defendants sued herein as Does 1 through 20, inclusive and therefore sues these defendants by such fictitious names and will amend their complaint to allege their true names and capacities as they are ascertained.

### III.

### FACTUAL ALLEGATIONS

36. On August 3, 2016, at approximately 23:30 hours, DECEDENT went to his neighbor and asked her to call an ambulance. He was wearing shorts, no shirt, was agitated and had difficulty breathing.

37. Although the 911 call was originally for medical assistance (difficulty breathing), the Santa Barbara Police Department responded as well because DECEDENT, who could be heard in the background, was agitated or upset. During the 911 call, the neighbor reported that she believed that DECEDENT was under the influence of drugs and also asked the police to respond.

38. Defendants SBPD OFFICERS arrived at the location first, followed by the ambulance, American Medical Response ("AMR") and the Santa Barbara Fire Department.

39. DECEDENT was acting delusional, not realizing that the police and the Fire Department had arrived at the scene. He was blurting out nonsensical statements

6

to the officers and was talking non-stop.   He was acting erratically.  He was disoriented and did not appear to understand what was going on. He was sweating profusely and had difficulty standing still.  He did not appear to understand what he was being told by the officers.

40. AMR and the Fire Department left the scene after DECEDENT allegedly refused medical assistance.

41. After AMR and the Fire Department left, DECEDENT continued to say that he did not know who the officers were. Defendants SBPD OFFICERS were aware that DECEDENT was not acting as usual, that he was not able to understand that they were officers due to the fact that he was under the influence of some narcotics, possibly methamphetamine, that he was having difficulty breathing, was sweating profusely, and was disoriented, incoherent and delusional.

42. Defendants SBPD OFFICERS decided to take DECEDENT in custody for being under the influence of drugs in violation of Penal Code §647(f).  They took DECEDENT in custody by grabbing him, placing him on the ground, holding him down and outfitting  him with a spit mask and a restraint device called "The Wrap".  The Wrap is a body wrap device which consist of locking shoulder harness, legs restraints and ankle straps.  DECEDENT was handcuffed behind his back.

43.  After being taken into custody, DECEDENT asked again to go to the hospital.  However, after being placed in a patrol vehicle, DECEDENT was brought to the jail directly despite the fact that the original call was a medical call, that he was having difficulty breathing and was sweating profusely, that he was suffering from intense hallucinations due to some type of narcotic ingestion and that he was taken into custody for being unable to care for himself or others due to his drug intoxication.

44. Once at the jail, Defendants SBCoSD  DEPUTIES forcibly removed DECEDENT from the patrol vehicle.   DECEDENT was still restrained in The Wrap and his

**COMPLAINT FOR DAMAGES**

hands were handcuffed behind his back.   PLAINTIFFS are informed and believe that they were assisted by Defendants SBPD OFFICERS.

45. Defendants SBCoSD  DEPUTIES were aware that DECEDENT was under the influence of methamphetamine and aware of the circumstances under which he was placed in custody as fully set forth above.

46. Nevertheless, Defendants SBCoSD  DEPUTIES eventually placed DECEDENT in a safety cell without providing him with any medical care.

47. Defendants SBCoSD  DEPUTIES  put DECEDENT in a prone position on the floor of the safety cell.  As they were attempting to remove The Wrap with the assistance of Defendants SBPD OFFICERS, the SBPD OFFICERS and SBCoSD DEPUTIES held DECEDENT down by applying pressure on his body.

48. DECEDENT, who was still handcuffed, went limp and became unresponsive.

49. DECEDENT was given CPR.  An ambulance was called.  Efforts to resuscitate him failed.  He was pronounced death at the scene at 1:30 am on August 4, 2016.

50. PLAINTIFFS are informed and believe and, on that basis, allege that DECEDENT died as a result of the failure to receive medical care, being restrained and/or restraint asphyxia.

**IV.**

**CLAIMS FOR RELIEF**

**First Claim for Relief for Excessive and Deadly Force**

**by Plaintiffs, as Decedent's Successors in Interest, against Defendants SBPD Officers, Defendants SBCoSD Deputies and Does 1-20**

**(42 U.S.C. §1983/Fourth and Fourteenth Amendment to the United States Constitution)**

51. PLAINTIFFS  incorporate  by  this  reference,  as  if  fully  set  forth  herein,  the allegations set forth in the preceding paragraphs of this Complaint.

52. PLAINTIFFS  have  standing  to  bring  this  claim  on  behalf  of  DECEDENT subsequent to his death pursuant to California Code of Civil Procedure §377.60.

8

53. PLAINTIFFS are informed and believe and, on that basis, allege that by the actions described above, in violation of 42 U.S.C. §1983, Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20 violated DECEDENT's clearly established federal constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of excessive force and unreasonable force and to be free from unreasonable search and seizure.

54. As a direct and proximate results of the acts and omissions Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20, DECEDENT suffered serious harm, pain, physical injury and loss of life and general and special damages in an amount to be determined according to proof.

55. PLAINTIFFS are informed and believe and, on that basis, allege that Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20 subjected DECEDENT to these deprivations of his rights either maliciously, or by acting with reckless disregard for whether his rights would be violated by their actions. Therefore, PLAINTIFFS are entitled to punitive damages against all of them.

**Second Claim for Relief for Deliberate Indifference to Serious Medical Needs by Plaintiffs, as Decedent's Successors in Interest, against Defendants SBPD Officers, Defendants SBCoSD Deputies and Does 1-20**

**(42 U.S.C. §1983/Fourth, Fifth, Eighth and Fourteenth Amendment to the United States Constitution)**

56. PLAINTIFFS incorporate by this reference, as if fully set forth herein, the allegations set forth in the preceding paragraphs of this Complaint.

57. PLAINTIFFS have standing to bring this claim on behalf of DECEDENT subsequent to his death pursuant to California Code of Civil Procedure §377.60.

58. PLAINTIFFS are informed and believe and, on that basis, allege that by the actions and omissions described above, Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20 violated DECEDENT's clearly established federal constitutional rights under the Fifth, Eighth and Fourteenth Amendments to the

9

**COMPLAINT FOR DAMAGES**

United States Constitution to be free from deliberate indifference to his serious medical needs while in their custody.

59. After being taken into custody and preceding his death, DECEDENT was under the control of the Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20 and was unable to seek medical attention on his own.  Defendants knew or should have known that DECEDENT was in serious need of immediate medical attention based on the 911 call and the information and observations at the scene and the fact that DECEDENT was under the influence of methamphetamine as fully set forth above. They were obligated to take all reasonable measures under the circumstances to obtain prompt and/or immediate medical treatment for DECEDENT but failed to do so.

60.  PLAINTIFFS are informed and believe and, on that basis, allege that Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20 acted with reckless disregard and conscience shocking indifference to DECEDENT's serious medical needs, right and safety by intentionally not providing medical care.

61.  Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20 knew that their actions and failure to provide medical care would place DECEDENT in substantial risk of serious harm and to suffer pain, physical injury and loss of life.

62. As a direct and proximate result of the acts and omissions of Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20, DECEDENT suffered serious harm, pain, physical injury and loss of life and general and special damages in an amount to be determined according to proof.

63.  PLAINTIFFS are informed and believe and, on that basis, allege that Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20 subjected DECEDENT to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether his rights would be violated by their actions. Therefore, PLAINTIFFS are entitled to punitive damages against all of them.

**COMPLAINT FOR DAMAGES**

**Third Claim for Relief for Failure to Provide Medical Care**
**by Plaintiffs, as Decedent's Successors in Interest, against Defendants City of**
**Santa Barbara,  SBPD Officers, County of Santa Barbara and Defendants**
**SBCoSD Deputies and Does 1-20**
**(California Government Code §845.6)**

64. PLAINTIFFS incorporate by this reference, as if fully set forth herein, the allegations set  forth in the preceding paragraphs of this Complaint.

65. PLAINTIFFS have standing to bring this claim on behalf of DECEDENT subsequent to his death pursuant to California Code of Civil Procedure §377.60.

66. PLAINTIFFS are informed and believe and, on that basis, allege that, as fully set forth above,  Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20 knew or should have known that DECEDENT was in need of immediate medical care and that he had serious and obvious medical conditions that put them on notice that he should have immediate medical care.

67.  Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20's failure to provide immediate medical care directly and proximately caused DECEDENT's death.

68. As a direct and proximate result of ,  Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20's  acts and/or omissions, as fully described above, DECEDENT suffered severe pain, mental anguish, distress, physical injury and death  and general and special damages in an amount to be determined according to proof..

69. Defendants CITY OF SANTA BARBARA and COUNTY OF SANTA BARBARA which employed Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20, respectively, are vicariously liable for the acts and omissions of the Defendant SBPD OFFICERS and SBCoSD DEPUTIES and said entity Defendants are jointly and severally liable for DECEDENT's damages.

11

**COMPLAINT FOR DAMAGES**

**Fourth Claim for Relief for Assault and Battery**

**by Plaintiffs, as Decedent's Successors in Interest, against Defendants City of**

**Santa Barbara,  SBPD Officers, County of Santa Barbara and Defendants**

**SBCoSD Deputies and Does 1-20**

70. PLAINTIFFS incorporate by this reference, as if fully set forth herein, the allegations set  forth in the preceding paragraphs of this Complaint.

71. PLAINTIFFS have standing to bring this claim on behalf of DECEDENT subsequent to his death pursuant to California Code of Civil Procedure §377.60.

72. PLAINTIFFS are informed and believe and, on that basis, allege that Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20 committed an assault and battery under California law by their conduct as fully  set forth above.

73. PLAINTIFFS are informed and believe and, on that basis, allege that Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20's conduct was intended to and did cause DECEDENT to suffer apprehension of an immediate harmful contact and that DECEDENT did suffer an harmful contact.

74. As a direct and proximate result of ,  Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20's  acts and/or omissions, as fully described above, DECEDENT suffered serious harm, pain, physical injury and loss of life and general and special damages in an amount to be determined according to proof.

75. Defendants CITY OF SANTA BARBARA and COUNTY OF SANTA BARBARA which employed Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20, respectively, are vicariously liable for the acts and omissions of the Defendant SBPD OFFICERS and SBCoSD DEPUTIES and said entity Defendants are jointly and severally liable for DECEDENT's damages.

//
//

12

**COMPLAINT FOR DAMAGES**

**Fifth Claim for Relief for  Negligence**

**by Plaintiffs, as Decedent's Successors in Interest, against Defendants City of**

**Santa Barbara,  SBPD Officers, County of Santa Barbara and Defendants**

**SBCoSD Deputies and Does 1-20**

76. PLAINTIFFS incorporate by this reference, as if fully set forth herein, the allegations set  forth in the preceding paragraphs of this Complaint.

77. PLAINTIFFS have standing to bring this claim on behalf of DECEDENT subsequent to his death pursuant to California Code of Civil Procedure §377.60.

78. PLAINTIFFS are informed and believe and, on that basis, allege that  Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20 owed DECEDENT a duty of care and that this duty was breached by their negligence  in using excessive force and failing to provide medical care.

79. As a direct and proximate result of Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20's negligent acts and/or omissions, as fully described above, DECEDENT suffered severe pain, mental anguish, distress, physical injury and death and general and special damages in an amount to be determined according to proof.

80. Defendants CITY OF SANTA BARBARA and COUNTY OF SANTA BARBARA which employed Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20, respectively, are vicariously liable for the acts and omissions of the Defendant SBPD OFFICERS and SBCoSD DEPUTIES and said entity Defendants are jointly and severally liable for DECEDENT's damages.

**Sixth Claim for Relief for State Interference with Familial Relationship**

**by Plaintiffs against Defendants SBPD Officers and Defendants SBCoSD**

**Deputies and Does 1-20**

**(42U.S.C. §1983/Fourteenth Amendment to the United States Constitution)**

81. PLAINTIFFS incorporate by this reference, as if fully set forth herein, the allegations set  forth in the preceding paragraphs of this Complaint.

13

**COMPLAINT FOR DAMAGES**

82. PLAINTIFFS have a cognizable interest under the substantive due process clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive them of life, liberty or property in such a manner that shock the conscience including but not limited to unwarranted state interference in their familial relationships with DECEDENT.

83. PLAINTIFFS are informed and believe and, on that basis, allege that as a result of Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20's excessive force and deliberate disregard to DECEDENT's medical need, DECEDENT died. Defendants interfered with and permanently deprived PLAINTIFFS of their constitutional rights to a familial relationship with DECEDENT.

84. As a direct and proximate result of the acts and omissions of Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20, DECEDENT suffered serious harm, pain, physical injury and loss of life and general and special damages in an amount to be determined according to proof.

85. PLAINTIFFS are informed and believe and, on that basis, allege that Defendants SBPD OFFICERS, SBCoSD DEPUTIES and DOES 1-20 subjected DECEDENT to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether his rights would be violated by their actions. Therefore, PLAINTIFFS are entitled to punitive damages against all of them.

**Seventh Claim for Relief for Wrongful Death**

**by Plaintiffs against all Defendants**

86. PLAINTIFFS incorporate by this reference, as if fully set forth herein, the allegations set forth in the preceding paragraphs of this Complaint.

87. Plaintiff SONYA HUERTA is DECEDENT's surviving spouse and Plaintiff YVONNE HUERTA is DECEDENT's surviving daughter. PLAINTIFFS are bringing this action against and claim damages from all defendants for the

14

**COMPLAINT FOR DAMAGES**

wrongful death of DECEDENT pursuant to California Code of Civil Procedure §377.60 et seq.

88. As a direct and proximate result of Defendants's actions, negligence and/or carelessness as fully described above, DECEDENT was injured and said injuries resulted in death.

89. Defendants' actions and conduct as fully described above, caused pecuniary and compensable loss by wrongfully taking DECEDENT's life.

90. As a direct and proximate result of the foregoing and DECEDENT's death, PLAINTIFFS have been deprived of his care, comfort, society, protective, love, companionship, solace, moral support, marital consortium, physical assistance in the operation and maintenance of the home and financial support in an amount to be established according to proof at trial.

91. As a further direct and proximate result of DECEDENT's death, PLAINTIFFS have incurred reasonable and necessary expenses for DECEDENT's funeral, burial and memorial service in an amount to be established according to proof at trial.

# V.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs, SONYA HUERTA and YVONNE HUERTA, prays for judgment against defendants, and each of them, for the following:

1. For compensatory damages in an amount according to proof against all defendants, jointly and severally;

2. For punitive damages in an amount according to proof against Defendants SBPD Officers and SBCoSD Deputies, jointly and severally;

3. For an award of reasonable attorneys' fees and costs of suit pursuant to U.S.C. § 1988;

4. For such other and further relief as the court may deem just and appropriate.

**COMPLAINT FOR DAMAGES**

## VI.

## DEMAND FOR JURY TRIAL

Plaintiffs, SONYA HUERTA and YVONNE HUERTA, hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 22, 2017                     SANGER SWYSEN & DUNKLE

Robert M. Sanger
Catherine J. Swysen
Stephen K. Dunkle

/s/

By: _____
Catherine J. Swysen,
Attorneys for Plaintiffs Sonya Huerta
and Yvonne Huerta

16

**COMPLAINT FOR DAMAGES**